IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN HEISER**,<br><br>    Plaintiff,<br><br>vs.<br><br>**ABOVE THE REST APPLIANCE REPAIR, LLC, and JAMES LENGYEL, individually.**<br><br>    Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff JOHN HEISER ("Heiser" or "Plaintiff") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants ABOVE THE REST APPLIANCE REPAIR, LLC, ("Appliance Repair") and JAMES LENGYEL, individually ("Lengyel"), (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated –non-exempt repairmen– who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiffs' NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt appliance repair duties for the Defendants in New Jersey and based from Defendants' business located in Netcong, Morris County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant Appliance Repair, is an enterprise engaged in interstate commerce or in the production and repair of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants' own, operate, and/or manage an appliance repair business, which performed work throughout New Jersey and throughout the tri state area. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and product which have moved through interstate channels so as to produce an end product for Defendants' consumers. Thus Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiffs**

8. Plaintiff Heiser is an adult individual who is a resident of Landing, Morris County, New Jersey.

9. Plaintiff Heiser was and is employed by Defendants as a full time appliance repair man.

10. Plaintiff worked for Defendants from in or about October 15, 2016, and is currently working for Defendants.

**Corporate Defendant**

11. Upon information and belief, the Defendants own and/or maintain an appliance repair company that performs work throughout the State of New Jersey.

12. Upon information and belief, the Defendant Appliance Repair, is headquartered in Netcong, Morris County, New Jersey.

13. Upon information and belief, at all times relevant to this Complaint, the Defendant Appliance Repair, employs individuals to perform labor services on behalf of the Defendants. Upon information and belief, at all times relevant to this Complaint, the Defendant Appliance Repair's annual gross volume of sales made or business done was not less than $500,000.00.

14. At all times relevant to this Complaint, the Defendant Appliance Repair was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et seq.</u>

**Individual Defendant**

15. Upon information and belief, Defendant James Lengyel is a New Jersey state resident.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Lengyel has been an owner, partner, officer and/or manager of the Defendant Appliance Repair.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Lengyel has had power over personnel decisions at the Defendant Appliance Repair business, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

18. Defendant Lengyel was on the site that Plaintiff worked on a daily basis.

19. Lengyel supervised Plaintiff.

## FACTS

20. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

21. Plaintiff Heiser was paid a bi-weekly salary, regardless of the number of hours Plaintiff worked each and every work week.

22. Plaintiff Heiser was told and believed that he was being paid an hourly rate for 40 hours.

23. Plaintiff Heiser routinely worked five (5) days per week.

24. On average, Plaintiff worked approximately forty-five (45) hours per week, however, Plaintiff's hours varied from week to week.

25. Plaintiff Heiser was not paid time and one half for his hours over forty (40) in a workweek. Instead, Plaintiff was improperly paid a salary for all hours worked.

26. Upon information and belief, employees similarly situated to Plaintiff were also only compensated for forty (40) hours per week, regardless of the number of hours that they worked each and every workweek.

27. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

28. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

29. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

30. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

31. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

32. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

33. The additional persons who may become Plaintiffs in this action are Defendants non-

exempt employees who have worked overtime hours in one or more work periods, on or after July 5, 2013, and were not properly compensated for hours worked in excess of forty (40) within a workweek.

34. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

35. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 34 above.

36. Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

37.  All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

38. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at time and one half of their regular rate of pay for their overtime hours worked in a work period.

39. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

40.  As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

41. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 40 above.

42. Defendants' aforementioned conduct is in violation of the NJWHL.

43. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

44. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiffs JOHN HEISER, and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants ABOVE THE REST APPLIANCE REPAIR, LLC, and JAMES LENGYEL, individually, for the payment of compensation for all hours due them and overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: July 5, 2017
                                                Respectfully submitted,

                                                /s/ Jodi J. Jaffe
                                                Jodi J. Jaffe, Esquire
                                                E-mail: JJaffe@JaffeGlenn.com
                                                New Jersey Bar No.: 022351993
                                                Andrew I. Glenn
                                                Email: AGlenn@JaffeGlenn.com
                                                New Jersey Bar No.: 026491992
                                                **JAFFE GLENN LAW GROUP, P.A.**
                                                301 N. Harrison Street, Suite 9F, #306
                                                Princeton, New Jersey 08540
                                                Telephone: (201) 687-9977
                                                Facsimile: (201) 595-0308
                                                *Attorneys for Plaintiff*